UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Cr. Case No. 07-20559-FL

Antonio Maurice Whitley,              Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO SEVER

Defendant Antonio Maurice Whitley ("Whitley") is currently charged in an Indictment with two counts.  In Count I of the Indictment, Whitley is charged with conspiracy to distribute crack cocaine.  In Count III, he is charged with possession of cocaine with intent to distribute.  The matter is currently before the Court on Whitley's Motion to Sever, wherein he asks the Court to sever the two counts for purposes of trial.  The parties have fully briefed the issues and the Court held a hearing on February 3, 2009.  For the reasons below, the Court shall DENY the motion.

BACKGROUND

Whitley was indicted on November 14, 2007.  Count I of the Indictment charges him with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846.  Count I alleges that from about May 1, 2007, until about May 17, 2007, at 3510 Winona, Flint, Michigan, Whitley and a co-defendant conspired with each other, and other persons, to possess with intent to distribute, and to distribute at least fifty (50) grams of a mixture or substance containing cocaine

1

base, commonly known as "crack."

Count III charges Whitley with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841.  Count III alleges that on or about June 18, 2007, at or near the intersection of Interstate 75 and Dort Highway in Grand Blanc Township, Defendant knowingly possessed with intent to distribute cocaine.

## ANALYSIS

In his Motion to Sever Counts, brought pursuant to FED. R. CRIM. P. 14, Whitley asks this Court to sever Counts I and III for purposes of trial.

FED. R. CRIM. P. 8(a) allows for joinder for related offenses.  Although he did not raise the issue in Whitley's written motion, at the hearing Whitley's counsel argued that joinder of Counts I and III was improper under Rule 8(a) because the offenses are not sufficiently related.

Notably, Rule 8(a) provides that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, *or* are based on the same act or transaction, *or* are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a)(emphasis added).  The Court concludes that the two offenses here, conspiracy to distribute crack cocaine and possession of cocaine with intent to distribute, are of the "same or similar character" and were therefore properly joined under Rule 8(a). *See, e.g., United States v. Sanders*, 463 F.2d 1086 (8th Cir. 1972)(finding it was permissible under Rule 8(a) to join drug-related offenses); *United States v. List*, 200 Fed.Appx. 535, WL 2952761 (6th Cir. 2006) (affirming district court's denial of motion to sever, concluding that offenses were properly joined under Rule 8(a) because the three offenses centered around the sale of drugs and were

therefore of similar character).

Nevertheless, "[e]ven if the joinder of two or more offenses is permissible under Rule 8(a), the court may be required to sever the offenses because of the possibility of undue prejudice from a single trial." *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983). Rule 14 governs motions seeking relief from joinder and provides, in pertinent part, as follows:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).

"A motion for severance pursuant to Rule 14 is committed to the sound discretion of the trial court." *Wirsing, supra*. "When a defendant seeks severance, he has a heavy burden of showing specific and compelling prejudice, and the denial of a motion to sever will be overrruled on appeal only for a clear abuse of discretion." *United States v. Daniels*, 2008 WL 324123 (E.D. Mich. 2008)(citing *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993)).

Here, Whitley submits that he will be prejudiced by a joint trial because "[a]llowing a jury considering his guilt on the crack conspiracy charge to hear evidence suggesting his later possession of powder cocaine will undoubtedly, and unfairly, influence them." (Def.'s Br. at 4). In an attempt to establish prejudice, Defense Counsel asserts that some evidence pertinent to proving Count I may not be admissible at trial on the other count if the counts are not joined. As the Government notes, Defendant has submitted no authority in support of his position that joint trials are permissible only when all the evidence is admissible on each of the multiple counts. Moreover, it appears that the Sixth Circuit has previously rejected that position. *List, supra*, at 541.

The Court concludes that Defendant has not articulated any specific prejudice that would result in this case if the two counts are not severed.[1]

CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to Sever is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 19, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 19, 2009, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager

---

[1] The Court notes that Defense Counsel is free to request a limiting instruction for the jury on the issue of possible prejudice resulting from the joinder. *See United States v. Cody*, 498 F.3d 582, 587-88 (6th Cir. 2007).