UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Maurice Whitley,

    Petitioner,

v.                                                  Civil Case No. 10-12578
                                                (Criminal Case No. 07-20559)

United States of America,
                                                Honorable Sean F. Cox

    Respondent.

_____/

## OPINION & ORDER
## DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE

This matter is currently before the Court on Petitioner Antonio Maurice Whitley's ("Whitley") Motion to Vacate Sentence, brought under 28 U.S.C. § 2255. As explained below, the Court shall DISMISS the motion because Whitley waived his right to collaterally attack his sentence in the plea agreement that he executed.

BACKGROUND

In this action, Whitley was charged with the following two drug offenses: conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count I); and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count III). Because Whitley had three prior felony convictions for drug offenses, he was facing a mandatory term of life imprisonment if convicted on Count I.

Whitley entered into a Rule 11 Plea Agreement ("the Plea Agreement") which provided that he would plead guilty to Count III, that his sentence would be 262 months imprisonment, and that the Government would dismiss Count I. (Docket Entry No. 45 at ¶¶ 1.A, 3.A, and 4).

1

The Plea Agreement expressly provided that Whitley waived his right to appeal his conviction or sentence. (*Id*. at ¶ 6.). The Plea Agreement further provided:

> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentence by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(*Id*. at ¶ 6). Whitley signed the Plea Agreement immediately beneath the following attestation:

> By signing below, Defendant acknowledges that he had read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

(*Id*. at 8).

Whitley pleaded guilty to Count III before this Court on March 6, 2009. (*See* Docket Entry No. 48, Transcript of Plea Hrg.). At that time, Whitley agreed with the summary of the Plea Agreement as stated by the prosecutor and his counsel; agreed it was complete; and pleaded guilty to Count III. Whitley acknowledged that, under the Plea Agreement, he would be sentenced to 262 months imprisonment. Whitley further acknowledged that he was giving up his right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. This Court accepted Whitley's guilty plea on March 6, 2009, and took the Plea Agreement under advisement.

On June 26, 2009, this Court accepted the Plea Agreement and sentenced Whitley to the agreed upon term of 262 months imprisonment. Judgment was entered on July 7, 2009. (Docket Entry No. 52).

On June 29, 2010, Whitley filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. §

2255. (Docket Entry No. 55). In this motion, Whitley does not contest his guilt or the validity of his guilty plea. Whitley asserts just one ground for relief – that his counsel was ineffective in that he did not file a notice of appeal on Whitley's behalf after this Court imposed sentence. (*Id.* at 5). Whitley's motion indicates that had instructed his counsel "to include in the appeal an argument addressing the enhancement that was applied to me as well as the manner in which the sentence imposed violated the plea agreement." (*Id.*).

On August 30, 2010, the Government filed a response in opposition to Whitley's Motion (Docket Entry No. 61). On September 24, 2010, Whitley filed a reply brief. (Docket Entry No. 62).

ANALYSIS

The Government contends that this Court must dismiss Whitley's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Whitley waived his right to collaterally attack his sentence in the plea agreement he executed. The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89. The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea." *Id.* In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea. *Id*.

Here, however, Whitley claims that he was denied ineffective assistance of counsel after

sentencing, in that his counsel failed to file a notice of appeal in order to challenge a sentencing enhancement that was allegedly applied to him. Notably, Whitley has not raised any challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. *Id.* Accordingly, Whitley waived his right to collaterally attack his sentence in the plea agreement that he executed

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its ruling. The Court shall therefore decline to issue a certificate of appealability.

CONCLUSION & ORDER

Whitley waived his right to collaterally attack his sentence in the plea agreement that he executed. Accordingly, **IT IS ORDERED** Whitley's § 2255 Motion is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: October 25, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

4

Antonio Maurice Whitley,

    Petitioner,

v.                                                   Civil Case No. 10-12578
                                                    (Criminal Case No. 07-20559)

United States of America,

                                                     Honorable Sean F. Cox

    Respondent.
_____/

## **PROOF OF SERVICE**

I hereby certify that on October 25, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Antonio Whitley, via First Class Mail at the address below:

Antonio Maurice Whitley #42687-039
FCI Cumberland
Federal Correctional Institution
P.o. Box 1000
Cumberland, MD 21501

                                                   S/Jennifer Hernandez
                                                 Case Manager