UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Criminal Case No. 07-20559-01
                                         Honorable Linda V. Parker

ANTONIO MAURICE WHITLEY,

        Defendant.
_____/

## **AMENDED OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED**

Defendant Antonio Maurice Whitley ("Defendant"), a federal prisoner, filed a pro se motion on May 20, 2015, seeking credit for time served while in state custody. (ECF No. 72.) Defendant asserts that at the time of sentencing, the Court did not make a final determination regarding whether he would receive credit for this time. Because the sentencing judge addressed whether Defendant's federal sentence should run consecutive to the state sentence he was serving at the time, as the United States Sentencing Guidelines advised they should, and concluded that they would, the Court is denying Defendant's motion.

The instant case arises from a stop of Defendant by law enforcement officers on June 18, 2007, at which time cocaine was found concealed in the vehicle he was driving. (ECF No. 45 at Pg ID 151.) On that date, Defendant was on probation pursuant to a state sentence and was awaiting arraignment proceedings on state

charges unrelated to his arrest. (*See* ECF No. 58 at Pg ID 225-28.) On March 6, 2009, in the instant case, Defendant pleaded guilty pursuant to a plea agreement to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Defendant stipulated that a sentence of 262 months was appropriate. (*See* ECF No. 45 at Pg ID 152.) On June 26, 2009, the Honorable Sean F. Cox sentenced Defendant to a term of imprisonment of 262 months, to run consecutive to Defendant's state sentence. (ECF No. 52.)

Under U.S.S.G. § 5G1.3, the Court may exercise discretion when making a determination as to whether a sentence will run consecutively, concurrently or partially concurrently. Here, the guidelines recommend a consecutive sentence and the Court, following these standards and assessing all factors, determined the Defendant's sentence would run consecutively. Because this sentence was ordered to be served consecutively, Defendant is not entitled to credit for time served while in state custody.

Accordingly,

**IT IS ORDERED** that Defendant's motion for credit for time served (ECF No. 72) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 20, 2018, by electronic and/or U.S. First Class mail.

                                                                                                     s/ R. Loury
                                                                                                     Case Manager