UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Criminal Case No. 07-20559-1
v.                                    Honorable Linda V. Parker

ANTONIO MAURICE WHITLEY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR COMPASSIONATE RELEASE (ECF NO. 121) AND DENYING AS MOOT HIS EARLIER MOTIONS FOR COMPASSIONATE RELEASE AND MOTION FOR APPOINTMENT OF COUNSEL FOR REDUCTION IN SENTENCE DUE TO THE FIRST STEP ACT OF 2018 (ECF NOS. 110, 124, 125**

On March 6, 2009, Defendant pleaded guilty pursuant to a plea agreement to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 45.) In the plea agreement, Defendant agreed that a term of imprisonment of 262 months is appropriate (*id.* at Pg ID at 152 ), and that is the sentence the Honorable Sean F. Cox imposed on June 26, 2009, consecutive to a related state sentence (ECF No. 52). The matter is presently before the Court on Defendant's amended motion for compassionate release pursuant to 18 U.S.C.

§ 3582.[1]  (ECF No. 121.)  The Government has filed a response to the motion. (ECF No. 127.)

## Applicable Law

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

---

[1] Defendant filed two previous *pro se* motions for compassionate release and a motion for the appointment of counsel to file a motion for reduction in sentence pursuant to the First Step Act.  (ECF Nos. 110, 124, 125.)  The Court's disposition of Defendant's amended motion for compassionate release moots those motions.

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies. (ECF No. 127 at Pg ID 926.) Nor does the Government dispute that Defendant's obesity (BMI 45) and history of congestive heart failure place him at heightened risk from COVID-19[2] and therefore qualify as an "extraordinary and compelling reason[]" for release under the statute.[3] (*Id.* at Pg ID 936.) The Government nevertheless maintains that a reduction of Defendant's sentence is not consistent with the Sentencing Commission's applicable policy statements because he is a danger to the community. (*Id.* at Pg ID 936-42.)

## Analysis

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just

---

[2] Defendant also is 50 years old and the risk of serious illness from COVID-19 increases with age. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. (visited 10/28/20). Individuals 50-64 years of age are four times more likely that younger individuals to be hospitalized if they contract COVID-19, and are thirty times more likely to die from the virus. https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (visited 10/28/20).

[3] In his amended motion, Defendant argues that the reduction of the criminal penalties for his conviction pursuant to the Fair Sentencing Act of 2018 provides an additional extraordinary and compelling reason to modify his sentence. The Court finds it unnecessary to reach this argument for purposes of deciding whether extraordinary and compelling reasons warrant relief.

3

punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

The Government emphasizes Defendant's criminal history in support of its assertion that he would endanger the community if granted early released, pointing out that he is a "drug dealer and "six-time felon[.]" (ECF No. 127 at Pg ID 923.) Defendant in fact has been convicted of several past felonies, most recently the present conviction, a state court conviction in 2006 for possession of less than 25 grams of cocaine (PSR ¶ 44), and a state court conviction in 2003 for possession with intent to distribute less than 50 grams cocaine and maintaining a drug house (*id.* ¶ 40). Defendant's remaining convictions, however, are at least thirty years old.

In 1999, Defendant was convicted in state court of possession with intent to distribute less than 50 grams cocaine. (*Id.* ¶ 37.) His remaining two convictions, which include the most violent components of his criminal history, are from 1995 and 1996. (*Id.* ¶¶ 29, 33.) Undoubtedly, those convictions were for serious assaultive crimes: assault with intent to do great bodily harm less than murder and assault with intent to murder, respectively. (*Id.*) Nevertheless, Defendant was 25

4

years old at the time; he is now 50 years old and none of his subsequent convictions involved physical violence or weapons.[4]

As Defendant points out, a study by the United States Sentencing Commission reflects that offenders over the age of 50 are less likely to reoffend. *See https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf*. Moreover, the Court expects that Defendant's impaired physical health will deter him from engaging in future criminal activity and risk returning to prison. In addition to his obesity and congestive heart failure, Defendant has tested positive for COVID-19 two times this year. (Def.'s Mot. Exs. A, H, ECF Nos. 122-1, 122-2, 122-5.) The first time, Defendant had to be hospitalized for almost a month, was placed on a ventilator, and suffered serious complications including acute respiratory failure with hypoxia and kidney function damage. (*Id.* Ex. A, ECF No. 122-1, 122-2.) He reports residual complications from the virus.

While incarcerated, Defendant has obtained his GED and has completed other educational and vocational programs. (Def.'s Mot. Ex. L, ECF No. 122-7.) He has had no serious disciplinary infractions during the thirteen years he has been incarcerated for the conviction in this matter. (*Id.*) Defendant also has maintained

---

[4] Defendant was thirty-five years old when he committed the current offense.

5

a close connection to his mother, his daughter, and his daughter's mother. (*See* Def.'s Mot. Exs. O-Q, ECF Nos. 121-9-11.)

Finally, if Defendant were sentenced today, he would face a significantly shorter sentence as a result of the Fair Sentencing Act. The thirteen years Defendant has served thus far for his drug conviction are sufficient to afford adequate deterrence. That time, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

Thus, the Court finds that the factors set forth in § 3553(a) warrant a reduction of Defendant's sentence and the policy statements issued by the Sentencing Commission before the passage of the First Step Act include provisions broad enough to cover the aforementioned circumstances.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582. (ECF No. 121.) The Court reduces Defendant's sentence to time served. Defendant's earlier motions for compassionate release (ECF Nos. 110, 124) and motion for the appointment of counsel (ECF No. 125) are **DENIED AS MOOT**.

The Bureau of Prisons is authorized to delay execution of this Order for up to seven days after its issuance to make necessary arrangements related to Defendant's release. The period of supervised release remains 6 years.

Upon his release, Defendant shall reside at the residence of his mother, Mary Whitley (Johnson), where Defendant shall remain in self-quarantine for 14 days. Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his arrival at Ms. Whitley's residence and is directed to follow the instructions of the assigned probation officer.

Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence. Upon entry of this Order, defense counsel shall immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: October 30, 2020